UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BECKY BARNES-BOERS,<br><br>          Plaintiff,<br><br>     v.<br><br>TRU 2005 REI, LLC, a Delaware Limited Liability Company; and DOES 1-10,<br><br>          Defendant. | CIV. NO. 2:13-1827 WBS CMK<br><br><br>ORDER RE: RECONSIDERATION OF MAGISTRATE JUDGE'S RULING |

----oo0oo----

Plaintiff Becky Barnes-Boers brought this action against defendant TRU 2005 REI, LLC, asserting violations of the Americans with Disabilities Act along with related California law claims.  On April 10, 2014, the assigned magistrate judge issued an order requiring plaintiff's counsel to pay defendant $8,500 in attorney's fees and expenses associated with the settlement conference held in this matter on February 26, 2014.  (Docket No. 16.)  Presently before the court is plaintiff's request for

1

reconsideration of this order, filed on April 23, 2014.  (Docket No. 17.)

        The court reviews magistrate rulings on nondispositive motions under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A).  See Fed. R. Civ. P. 72(a); E.D. Cal. L.R. 303(f); see also Computer Econs., Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999).  This standard is highly deferential, see United States v. Abonce-Barrera, 257 F.3d 959, 968-69 (9th Cir. 2001), and does not allow the reviewing court to "simply substitute its judgment for that of the deciding court," Grimes v. City & County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).

        Plaintiff's arguments for reconsideration are unpersuasive.  Plaintiff asserts that, because further briefing and reexamination of the facts and law after the settlement conference affirm plaintiff's position, plaintiff did not act in bad faith at the conference by sticking to that position.  This misses the point.  As plaintiff and counsel did not have command of these facts and law at the settlement conference, the magistrate judge determined that plaintiff and counsel were unprepared for the conference and issued the sanctions order accordingly.  Plaintiff's belated efforts to bolster her position and present arguments that could have been made at the settlement conference do not contradict this determination.

        Without more, the court will not "simply substitute its judgment" for that of the magistrate judge, Grimes, 951 F.2d at 241, who determined that sanctions were appropriate after

2

conducting the settlement conference and conferring with both parties.  Accordingly, because plaintiff has not demonstrated that the magistrate judge's ruling was "clearly erroneous or contrary to law," the court must deny plaintiff's request for reconsideration.

        IT IS THEREFORE ORDERED that plaintiff's request for reconsideration of the magistrate judge's sanctions order be, and the same hereby is, DENIED.

Dated:  May 2, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE